# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

| | |
|---|---|
| JANE DOE, a minor, by and through her natural parent, Catrina James<br><br>      Plaintiff,<br>vs.<br><br>CITY OF LAS VEGAS; *et.al.*,<br><br>      Defendants. | Case No. 2:16–cv–1979–GMN–VCF<br><br>**ORDER** |

  Before the court are Doe's motion to proceed under a pseudonym (ECF No. 11), the City's response (ECF No. 18), and Doe's reply (ECF No.19). For the reasons stated below, Doe's motion is granted.

  In the Ninth Circuit, parties are allowed to use pseudonyms in special circumstances "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). "Applying this balancing test, [other circuits] have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* (internal citations and quotations omitted).

  "The Ninth Circuit has not adopted a specific set of factors that courts must consider when a plaintiff requests anonymity based on the alleged humiliation, embarrassment or mental distress that she will suffer by public disclosure of her identity." *Doe v. JFD RAK LLC*, No. 2:14-cv-979-RFB-GWF, 2014 WL 5286512 at* 4 (D.Nev. Oct. 15, 2014)(collecting cases).

In *JFD RAK LLC*, the plaintiff had been involved in a repeated cycle of abuse, apology, and reconciliation with the defendant for nearly two years. *Id.* at 1. During this time, the pair took several trips abroad to exotic locales, and the defendant bought the plaintiff a number of expensive gifts. *Id.* After the relationship ended, the plaintiff sued to establish her property rights to the gifts and to recover for damages which allegedly sustained due to the defendant's abusive behavior. *Id.* The plaintiff also moved to proceed under a pseudonym. *Id.* The court looked to other districts and found a trend "to grant motion to proceed anonymously in sexual assault or abuse cases." *Id.* at 8. Ultimately, the court distinguished the facts of *JFD RAK LLC* and denied the plaintiff's motion to proceed anonymously. *Id.* at 9.

Unlike a typical sexual assault or abuse case, the defendant's conduct, at least initially, was not directed at harming the plaintiff. *Id.* The plaintiff was also seeking to establish her property rights to certain gifts she had received. *Id.* These factors minimized the emotional harm the plaintiff would suffer to such a degree that the harm was outweighed by the prejudice faced by the defendants as well as the public's interest in knowing the plaintiff's identity.

In a more recent decision, a trial court in this district allowed a plaintiff to pursue his claims anonymously. *Doe v. Mozer*, No. 2:16-cv-210-KJD-VCF, 2016 WL 3536857 at* 1 (D.Nev. June 27, 2016). In *Mozer*, the court acknowledged that the plaintiff's sexual health and the transmission of a sexually transmitted disease were highly sensitive and warranted the plaintiff's anonymity. *Id.*

Plaintiff Jane Doe, a minor child, was enrolled in a special needs program operated by the City of Las Vegas. (ECF No. 11)  A fellow program participant allegedly sexually molested her during a trip to a local bowling alley. (*Id.*)  Given the plaintiff's age, disabilities, and the nature of the alleged misconduct, the need to protect the minor's privacy outweighs the Defendants' right to know the identity of their accuser and the public's right to know the plaintiff's identity.

In all likelihood, the Defendants have already deduced Doe's identity based on the allegations in her complaint. This eliminates concerns about being sued by an unknown person. The Defendants now know or will learn Jane Doe's identity even if she is allowed to proceed under a pseudonym. The public will also be able to track the progress of this action, albeit without knowing the Plaintiff's true identity.

The Defendants argue that this court should consider the potential reputational and professional harm to the individual defendants, Ashley Fernandez, Cindy Moyes, and Andrea Anzalone. (ECF No. 18) The Defendants have cited no authority that requires this court to consider the reputational harm defendants when considering whether to allow a Plaintiff to sue under a pseudonym.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Doe's motion to proceed under a pseudonym (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

DATED this 14th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE