**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CITY OF LAS VEGAS, *et al.*,<br><br>                    Defendants. | 2:16–cv–1979–GMN–VCF<br><br>**ORDER**<br>[Motions for Protective Order and the Motion to Stay Discovery (ECF Nos. 25 & 26)] |

Before the court are Defendants' Motions for Protective order and the Motion to Stay Discovery Pending a Ruling on Motion to Dismiss (ECF Nos. 25 and 26). Defendants request the Court to issue a temporary protective order on an expedited basis regarding plaintiff's written discovery pending a decision on Defendants' Motion to Stay Discovery. (ECF 25 at 3). Defendants allege that, "[i]f discovery is permitted to proceed, City Defendants will be forced to bear the burden and expense of time consuming and costly discovery before a final determination as to whether they are immune from suit and whether plaintiff pleaded a cognizable constitutional claim." *Id.* at 3. Plaintiff filed an opposition. (ECF No. 31). Defendants filed a reply on November 17, 2016. (ECF No. 33).

**RELEVANT BACKGROUND**

On August 19, 2016, Plaintiff brought this action against Defendants alleging violation of 42 U.S.C. § 1983. (ECF No. 1). Plaintiff Jane Doe, a minor, was enrolled in the Adaptive Recreation

1

Program. In this program, participants are in the supervision of the Adaptive Recreation Program Instructors, which are overseen by Defendant City of Las Vegas. While under the care of the Adaptive Recreation Program Instructors, Plaintiff alleges that an Adaptive Recreation Program participant committed inappropriate sexual touching and groping of Plaintiff. *Id* at 2.

On September 26, 2016, Defendants filed their Motion to Dismiss Complaint (ECF No. 17). Plaintiff filed an Amended Complaint on October 13, 2016. (ECF No. 20). Defendants filed the instant motions on October 21, 2016 seeking a protective order and to stay discovery pending decision on their motion to dismiss. (ECF Nos. 25 & 26).

**Legal Standard**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Federal Rule of Civil Procedure 26(c)(1) states, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This rules authorizes the court to stay discovery.

Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742

F.2d 561, 562 (9th Cir. 1984). The party seeking a stay, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) *cert. denied*, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id*. Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id*. When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*. The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

**Discussion**

The court has taken a "preliminary peek" at the merits of the pending motion to dismiss and is not convinced that Plaintiff's amended complaint (ECF No. 20) has not stated a plausible claim.

Under the controlling legal standard, the court should order a stay of discovery if it is "convinced" that the plaintiff is unable to state a claim for relief. *See TradeBay, LLC*, 278 F.R.D. at 600; *Rae*, 725 F.2d at 481; *Wood*, 644 F.2d at 801. Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Blankenship*, 519 F.2d at 429. Defendants have not stated good cause and Plaintiff has stated a plausible claim.

FED. R. CIV. P. 26(b)(1) states, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." Here, the information Plaintiff requests in the written discovery is proportional to the needs of the case. The information sought by Plaintiff is relevant to this case and the prayer for relief in the Amended Complaint (ECF No. 20) includes compensatory and punitive damages, which could total hundreds of thousands of dollars. The benefit of Plaintiff's discovery requests, could easily dispose of the case, outweighs any burden or expense. Plaintiff has satisfied the remaining factors which weigh in favor of proportionality. Thus, Defendants' request for a protective order is denied.

Defendants are simply relying on their conclusory statement that they raised the issue of immunity as being the basis for a protective order to be issued. (ECF Nos. 25 & 26). Defendants cite to *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982) stating that "until this threshold immunity question is resolved discovery should not be allowed." (ECF Nos. 25 & 26).  However, after considering the facts and circumstances of this action, the court finds that Defendants failed to satisfy their "heavy burden" of demonstrating why discovery should be denied and a protective order should be issued. *Blankenship*, 519 F.2d at 429.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motions for Protective Order and the Motion to Stay Discovery (ECF Nos. 25 & 26) are DENIED.

DATED this 21st day of November, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE